1

2

3

4                          **UNITED STATES DISTRICT COURT**

5                                **DISTRICT OF NEVADA**

6
   STUART M. ELLIFRITZ et al.,              )
7                                           )
                         Plaintiffs,        )
8                                           )        3:09-cv-00663-RCJ-VPC
           vs.                              )
9                                           )
   NETBANK et al.,                          )                **ORDER**
10                                          )
                         Defendants.        )
11  _____ )

12           This case arises out the foreclosure of Plaintiffs Stewart and Theresa Ellifritz's mortgage.

13  This case was previously a part of Case No. 2:09-md-2119-JAT in the District of Arizona.  Judge

14  Teilborg partially remanded the case, and the Court granted a motion to dismiss all remanded

15  claims expect those for injunctive and declaratory relief, because the foreclosure appeared

16  statutorily improper.  In that order, the Court stayed foreclosure for 100 days, required private

17  mediation in good faith, and required three interim monthly payments.  Plaintiffs failed to make

18  interim payments, and Judge Teilborg has now dismissed the remainder of the case.  Plaintiffs

19  have failed to make any effort to advance the case since responding to a motion in November

20  2010.  Defendants have therefore moved to dissolve the injunction, for summary judgment, to

21  expunge the lis pendens, and to dismiss for lack of prosecution.  Plaintiffs have not timely

22  responded to the present motions.  For the reasons given herein, the Court grants the motions.

23           On August 11, 2006, Plaintiffs Stuart and Theresa Ellifritz gave lender NetBank a

24  promissory note in the amount of $300,000 to purchase real property located at 5789 West

25  Brookdale Drive, Reno, NV 89523 ("the Brookdale Property"), secured by a deed of trust

1　("DOT") against the Brookdale Property. (*See* DOT 1–3, Aug. 11, 2006, ECF No. 14, at 30).

2　The trustee on the DOT is Stewart Title Co. ("Stewart"). (*See id.* 2). Mortgage Electronic

3　Registration Systems, Inc. ("MERS") is listed as "nominee" and "beneficiary." (*See id.*). On

4　March 19, 2009, an employee of LSI Title Agency, Inc. ("LSI"), as agent for Regional Service

5　Corp. ("RSC") signed a notice of default and election to sell ("NOD") and recorded it on March

6　23, 2009. (*See* NOD 1–2, Mar. 19, 2009, ECF No. 14, at 54). On March 23, 2009, MERS

7　purported to assign all beneficial interest in the loan to IndyMac Federal Bank FSB

8　("IndyMac"). (*See* Assignment, Mar. 23, 2009, ECF No. 14, at 57). On April 28, 2009, IndyMac

9　substituted RSC as trustee under the DOT. (*See* Substitution of Trustee, Apr. 28, 2009, ECF No.

10　14, at 59). This sequence of events indicates a statutory defect in foreclosure, *see* Nev. Rev. Stat.

11　§ 107.080(2)(c), because RSC caused LSI to file the NOD before the party that eventually

12　substituted RSC as trustee (IndyMac) even had the beneficial interest, such that RSC's filing of

13　the NOD cannot even be ratified by IndyMac. On June 24, 2009, RSC executed a notice of

14　trustee's sale ("NOS") for July 15, 2009. (*See* NOS, June 24, 2009, ECF No. 14, at 63). It is not

15　clear whether RSC sold the Brookdale Property. On July 20, 2009, IndyMac purported to assign

16　the beneficial interest in the loan to HSBC Bank USA ("HSBC"). (*See* Assignment, July 20,

17　2009, ECF No. 14, at 61).

18　　　　On August 18, 2006, exactly one week after they purchased the Brookdale Property,

19　Plaintiffs gave lender NetBank a promissory note in the amount of $384,000 to purchase real

20　property located at 6540 Sage Grouse Ct., Reno, NV 89523 ("the Sage Grouse Property"),

21　secured by a DOT against the Sage Grouse Property. (*See* DOT 1–3, Aug. 18, 2006, ECF No. 14,

22　at 65). The trustee on the DOT is Theresa K. Gould. (*See id.* 2). MERS is listed as "nominee"

23　and "beneficiary." (*See id.*). An employee of either MTDS, Inc. or First American Title

24　Insurance Co. ("First American")—it is difficult to tell from the signature block—signed the

25　NOD. (*See* NOD 1–2, Oct. 14, 2009, ECF No. 14, at 85). Although the NOD includes the

1   standard boilerplate that the foreclosing entity is acting on behalf of the "Trustee or

2   Beneficiary," there is no evidence of this in the document or elsewhere in the record. There is no

3   evidence indicating when MTDS or First American were ever substituted as trustee. Without

4   more, this sequence of events indicates a potential statutory defect in foreclosure. *See* Nev. Rev.

5   Stat. § 107.080(2)(c).

6          Plaintiffs sued Defendants NetBank; Merscorp, Inc.; MERS; RSC; HSBC; IndyMac; D.

7   Brad Betker; and Gould in state court, asserting fourteen causes of action. Defendants removed.

8   The case was transferred to MDL Case No. 2119 in the District of Arizona, and this Court stayed

9   the case pending remand. In accordance with the Judicial Panel on Multidistrict Litigation's

10   ("JPML") partial remand order, Judge Teilborg determined that the first cause of action and part

11   of the third, fourth, and tenth through twelfth causes of action (insofar as they do not concern

12   MERS) had been remanded to this Court. (*See* Am. Order 8:12–18, June 4, 2010, ECF No. 25).

13   The Court dismissed all claims remanded from Judge Teilborg, except the claims for injunctive

14   and declaratory relief, insofar as those claims relied upon underlying claims that still remained

15   with Judge Teilborg. The Court ordered a 100-day injunction against foreclosure, with regular

16   monthly payments and private mediation. On October 6, 2011, the Clerk of the District of

17   Arizona entered judgment in favor of Defendants and dismissed the case with prejudice. (*See*

18   Order, Oct. 6, 2011, ECF No. 49-12).

19          The Court will grant the present motions in full. First, because all underlying claims

20   have been dismissed, the claims for injunctive and declaratory relief can no longer stand.

21   Second, Plaintiffs have not responded, which constitutes consent to granting the motions.

22   *See* Local R. Civ. Prac. 7-2(d). Third, Plaintiffs have failed to make interim monthly payments

23   during the injunction period as previously ordered.

24   ///

25   ///

1

## CONCLUSION

2          IT IS HEREBY ORDERED that the Motions to Dissolve Injunction, for Summary

3    Judgment, and to Expunge Lis Pendens (ECF Nos. 49, 50, 51) and the Motion to Dismiss for

4    Lack of Prosecution (ECF No. 52) are GRANTED.

5          IT IS FURTHER ORDERED that the lis pendens on the properties at 5789 West

6    Brookdale Drive, Reno, NV 89523 and 6540 Sage Grouse Ct., Reno, NV 89523 are

7    EXPUNGED.

8          IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

9          IT IS SO ORDERED.

10   Dated:  This 11th day of May, 2012.

11

12.                                    _____
                                       ROBERT C. JONES
13                                     United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25